■ ROBERT LOVE et al., Respondents, v EDWARD I. KOCH, as Mayor of the City of New York, et al., Appellants, et al., Defendant.—Order, Supreme Court, New York County (Edward H. Lehner, J.), entered March 1, 1989, which, *inter alia,* denied defendants' motion to dismiss a portion of the amended complaint, is unanimously modified, on the law and on the facts, to the extent of granting the motion, insofar as to dismiss the class action demand of the amended complaint, which would require defendants to provide residential care to those mentally ill homeless persons who are not in need of hospitalization, and except as so modified, otherwise affirmed, without costs.

The appeal from the order of the same court and Justice, entered November 2, 1988, which, *inter alia,* denied defendants' motion for summary judgment to dismiss the complaint, is dismissed as abandoned, without costs.

Mr. Robert Love is a homeless man who is allegedly seriously mentally ill and mentally disabled. The Coalition For The Homeless (Coalition) is a not-for-profit corporation. It provides direct services to homeless persons.

In March 1988, Mr. Love and the Coalition (plaintiffs) commenced an action against various New York City officials and agencies (defendants), which seeks in substance to compel them to carry out their obligations, pursuant to the New York State Constitution and various sections of the New York State Mental Hygiene Law, so that adequate treatment and care will be provided to seriously mentally ill and mentally disabled homeless persons.

Prior to the joinder of issue, the defendants moved and the plaintiffs cross-moved for summary judgment. By order, entered November 2, 1988, the IAS court denied those motions, and granted leave to the plaintiffs to serve an amended complaint.

Following the service and filing of the amended complaint, defendant moved to dismiss that portion of the amended complaint which contains a demand for, in substance, class action relief in the form of a declaration that defendants are required to provide residential care to those mentally ill and mentally disabled homeless persons who are not in need of hospitalization. By order entered March 1, 1989, the IAS court denied that motion. Defendants appeal.

Our review of article XVII, § 4 of the NY Constitution and of the New York State Mental Hygiene Law indicates to us that, while broad policy objectives and guidelines are set forth concerning the treatment and care of the mentally ill and mentally disabled, except for hospitalization, no specific form of treatment and care is mandated. In *Matter of New York State Inspection, Sec. & Law Enforcement Employees v Cuomo* (64 NY2d 233, 239-240 [1984]), the Court of Appeals states, in pertinent part, "While it is within the power of the judiciary to declare the vested rights of a specifically protected class of individuals, in a fashion recognized by statute * * * the manner by which the State addresses complex societal and governmental issues is a subject left to the discretion of the political branches of government * * *. Where * * * policy matters have demonstrably and textually been committed to a coordinate, political branch of government, any consideration of such matters by a branch or body other than that in which the power expressly is reposed would, absent extraordinary or emergency circumstances * * * constitute an *ultra vires* act".

This matter may very well constitute such "extraordinary or emergency circumstances", and same can only be decided after a full trial of the issues.

Based upon our analysis, *supra,* we find that the IAS court erred in permitting continuation of the class action since there is no indication that the city will not "comply with and apply court rulings equally to all persons similarly situated" *(McCain v Koch,* 117 AD2d 198, 221 [1st Dept 1986], *revd on other grounds* 70 NY2d 109, 114, n 2 [1987]). Accordingly, we modify the IAS order, entered March 1, 1989, to the extent of granting defendants' motion, insofar as to dismiss the class action demand for declaratory and injunctive relief. However, we agree that a material triable issue of fact has been raised by the record before us as to whether the defendants have violated the New York State Mental Hygiene Law in their treatment of plaintiff, Mr. Love. Since critical and factual issues of patient care are involved, we find that the public interest requires that there be an expeditious trial of the matter. Concur—Sullivan, J. P., Ross, Ellerin, Wallach and Smith, JJ.